# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICAN for the use of
CONTRERAS CONSTRUCTION CORP., a
New Mexico corporation,

        Plaintiff,          Docket No. 1:21-CV-00200-KRS-SMV

v.

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA, a Connecticut
corporation, and FLINTCO, LLC, an
Oklahoma limited liability company,

        Defendants.

## TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA'S ANSWER TO COMPLAINT

Defendant Travelers Casualty & Surety Company of America ("Travelers"), by and through undersigned counsel, and for its Answer to the Complaint, hereby does admit, deny, and further allege as follows:

## COUNT I – MILLER ACT

1.     Deny. The Project was not public work for the federal government.

2.     Deny. The Project was not public work for the federal government.

3.     Paragraph 3 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

4. Admit.

5. Paragraph 5 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same. Travelers admits that Flintco, LLC has offices in the United States.

6. Deny. The contract was not a government contract. Admit Flintco entered into a construction contract with Jicarilla Apache Nation.

7. Deny that a payment bond was executed and delivered to the United States Government. Admit Payment Bond 106681284 was issued by Travelers and named the Jicarilla Apache Nation as obligee.

8. Paragraph 8 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same. Travelers admits that Contreras and Flintco, LLC entered into a contract for work at the Jicarilla Apache Nation.

9. Paragraph 9 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same. Travelers admits that the contract reflects $450,000 as the contract price and that four Change Orders had been executed.

10. Paragraph 10 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

11. Paragraph 11 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

12. Paragraph 12 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

13. Deny the application of the Miller Act and its Notice provision apply to the Project.

14. Paragraph 14 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

In response to Plaintiff's prayer for relief on the Miller Act, Travelers denies Plaintiff has a claim under the Miller Act and denies Plaintiff is entitled to the judgement and relief requested.

### COUNT II – DEBT DUE BY CONTRACT

15. No allegation is set forth in Paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond,

Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

17. Paragraph 17 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

18. Paragraph 18 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

19. Paragraph 19 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

In response to Plaintiff's prayer for relief on Debt Due by Contract, Travelers denies Plaintiff is entitled to the judgement and relief requested.

### **COUNT III – QUANTUM MERUIT**

20. No allegation is set forth in Paragraph 20 of Plaintiff's Complaint.

21. Paragraph 21 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

22. Paragraph 22 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

23. Paragraph 23 of Plaintiff's Complaint contains no allegation against Travelers to which an admission or denial is appropriate, to the extent that Travelers is required to respond, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

In response to Plaintiff's prayer for relief on Quantum Meruit, Travelers denies Plaintiff is entitled to the judgement and relief requested.

## AFFIRMATIVE DEFENSES

Travelers hereby incorporates by reference each and every proceeding allegation and the denial set forth herein and affirmative allege the following defenses:

1. Any allegation set forth in Plaintiff's Complaint that was not specifically admitted is expressly denied.

2. Travelers denies Plaintiff is entitled to recovery on its claims.

3. Travelers affirmatively asserts that Plaintiff's Complaint fails to state any claims upon which relief can be granted.

4. Plaintiff's claims are barred, in whole or in part, to the extent it failed to mitigate damages.

5. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is estopped from asserting its claims by virtue of its own conduct.

6. Plaintiff's claims may be barred, in whole or in part, due to acts or omissions of Plaintiff.

7. Plaintiff's claims may be barred, in whole or in part, because of the actions of others over whom Travelers had no control.

8. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

9. Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver or unclean hands.

10. Plaintiff's claims may be barred, in whole or in part, because Plaintiff has failed to comply with the contractual dispute resolution procedures which are prerequisites to suit, as set forth in Article 21 of its Agreement with Flintco.

11. Plaintiff's claims against Travelers may be barred as an act of default on behalf of Flintco has not occurred.

12. Plaintiff's claims may be barred as Travelers' obligation is void as the Principal performed all work under the contract.

13. The damages alleged in the Complaint may be the result of independent superseding and/or intervening causes of which Travelers had no control. Plaintiff's damages, if any, may have been caused in whole or in part by Plaintiff's own conduct and/or by the wrongful conduct of third parties and/or persons or entities for which Travelers is not responsible.

14. The damages alleged in the Complaint were the result of Plaintiff's defective work and/ or the work or material Plaintiff installed.

15. Any liability must be apportioned among responsible parties as appropriate under statute and/or the common law.

16. Travelers denies that Plaintiff has sustained damages that are the legal responsibility of Travelers.

17. Plaintiff's claims may be barred due to failure of condition precedent.

18. Plaintiff's claims may be barred due to Offset.

19. Plaintiff's Quantum Meruit cause of action is barred as the parties entered into an enforceable written contract.

20. Travelers affirmatively alleges that if judgment is entered against Travelers, its respective liability for the judgment, interest, costs and attorneys' fees shall be no greater than the bond penalty.

21. Travelers, as surety, incorporates as its own the claims and defenses of its principal, Flintco, LLC, and all other defenses.

22. Travelers further affirmatively asserts the defenses, either as presently available or which may become available as discovery in this matter progresses, including, but not limited to Act of God, abatement, accord and satisfaction, recoupment, contributory negligence, the court lacks personal and subject matter jurisdiction over Travelers, and any other defense available pursuant to Rule 1-008 N.M.R.A., and any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Travelers requests judgment against Plaintiff as follows:

1. For dismissal of the Plaintiff's claims against Travelers;

2. For judgment in favor of Travelers;

3. For an award of attorneys' fees and costs incurred in the defense of this matter, including pursuant to applicable subcontract provision, and other applicable law; and

4. For such other further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 2nd day of April, 2021.

            LORBER, GREENFIELD & POLITO, LLP


            By: */s/Holly Davies*
            Holly Davies, Esq., SB #28127
            820 Second Street NW
            Albuquerque, NM 87102
            Telephone: (505) 307-4332
            Facsimile: (505) 213-0144
            hdavies@lorberlaw.com
            *Attorney for Defendants Travelers Casualty & Surety Company of America and Flintco, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Wayne E. Bingham
BINGHAM, HURST & APODACA, P.C.
2420 Comanche NE, Ste. H-6
Albuquerque, NM 87107
wbingham@binghamhurst.com
*Attorney for Plaintiff*


By: */s/Erikka Rico*