IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CONTRERAS CONSTRUCTION CORP.,

    Plaintiff,

vs.                                    1:21-cv-00200-KWR-SMV

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA, and
FLINTCO, LLC,

    Defendants.

FLINTCO, LLC,

    Counterclaimant,

vs.

CONTRERAS CONSTRUCTION CORP.,

    Counter Defendant.

## ORDER GRANTING MOTION TO INTERVENE

**THIS MATTER** comes before the Court upon Cincinnati Insurance Company's Motion to Intervene (**Doc. 30**).

Cincinnati Insurance seeks to intervene in this action under mandatory or permissive principles. Fed. R. Civ. P. 24(a), (b). Although Cincinnati Insurance insured Contreras Construction under a commercial general liability policy, it asserts that it does not have a duty to defend or indemnify Contreras Construction. It asserts that the "counterclaim does not allege an occurrence of defective construction resulting in damage to which the insurance applies." **Doc.**

**30-1 at 5.** The insured, Contreras Construction, asserts that the counterclaim falls under the insurance coverage provisions and opposes intervention as futile. Having reviewed the pleadings, the Court finds that Cincinnati Insurance Company's Motion to Intervene is well-taken, therefore the Motion to Intervene is **GRANTED**.

## DISCUSSION

Cincinnati Insurance insures counter-defendant Contreras Construction. Cincinnati Insurance moves to intervene and seeks a declaratory judgment that it owes no duty to defend or indemnify Contreras Construction. Only one party, Contreras Construction, filed an objection to intervention. Because permissive intervention is apparently unopposed and otherwise well-taken, the Court will allow Cincinnati Insurance to intervene under Fed. R. Civ. P. 24(b).

Intervention is authorized by Rule 24, which provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action: ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). "Accordingly, an applicant may intervene as of right if: (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]"; and (4) "the applicant's interest is [not] adequately represented by existing parties." Contreras Construction objects to mandatory intervention.

Cincinnati Insurance also seeks permissive intervention under Fed. R. Civ. P. 24(b). "On timely motion, the court may permit anyone to intervene who… has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the

original parties' rights." Fed. R. Civ. P. 24(b)(3). These elements of permissive intervention were unaddressed or undisputed by Contreras Construction. Therefore, the Court finds that no party opposes permissive intervention and the motion should be granted.

Alternatively, the Court finds that permissive intervention is warranted on the merits. The motion to intervene is timely. The counterclaim prompting Cincinnati to intervene was filed on May 27, 2021, and the motion to intervene was filed on September 16, 2021. No party has explained why intervention would be untimely, and the Court finds that the motion was timely filed.

Moreover, it is clear that Cincinnati Insurance has a claim or defense that shares a common question of law or fact with the counterclaim. Flintco filed a counterclaim against the insured Contreras Construction, alleging breach of contract and breach of warranty. Flintco asserts that Contreras performed defective concrete work, and Flintco had the contractual right of set off and right to recover the cost of remedial work. **Doc. 7 at 6-7.** Cincinnati Insurance seeks to intervene, asserting that it has no duty to defend and indemnify Contreras because the "counterclaim does not allege an occurrence of defective construction resulting in damage to which the insurance applies." **Doc. 30-1 at 5.** Clearly, there is a common question of law or fact, and no party argues otherwise.

No party has asserted that intervention would unduly delay the proceedings or prejudice the parties. The Court does not believe that intervention would unduly delay this proceeding, and there is nothing in the record to suggest that a party would be prejudiced.

Finally, no party has argued that Cincinnati Insurance would be adequately represented in this proceeding. Contreras Construction would clearly not adequately represent Cincinnati's interests, because it asserts that Cincinnati has a duty to defend - contrary to Cincinnati's position.

Nothing in the record suggests that any other party would adequately represent Cincinnati Insurance's position that it has no duty to defend or indemnify.

Contreras Construction primarily argues that the Court should deny intervention, as the counterclaim against it clearly falls within a coverage provision, and therefore Cincinnati Insurance has a duty to defend and indemnify it. The Court disagrees. Based on the allegations in the complaint, the Court cannot say that the motion for declaratory judgment would be futile. Although Plaintiff asserts that the Court should declare rights in a way that favors it, that does not necessarily render a declaratory judgment action futile. *See* **Doc. 32 at 4-5.**

**IT IS THEREFORE ORDERED** that the Cincinnati Insurance's Motion to Intervene **(Doc. 30)** is hereby **GRANTED** for the reasons described above.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**