IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES for the use of
CONTRERAS CONSTRUCTION CORP.,**
a New Mexico corporation,

        **Plaintiff,**

vs.                                    CIVIL NO. 1:21-CV-00200-KWR-SMV

**TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,** a Connecticut
corporation, and **FLINTCO, LLC,** a
an Oklahoma limited liability company,

        **Defendants.**

**CINCINNATI INSURANCE COMPANY,**
an Ohio corporation,

        **Intervention Plaintiff.**

vs.

**CONTRERAS CONSTRUCTION CORP.,**
a New Mexico corporation.

## CONTRERAS CONSTRUCTION CORP.'S
## ANSWER TO COMPLAINT FOR DECLARATORY RELIEF

For its Answer to Cincinnati Insurance Company's (herein CIC) Complaint for Declaratory Relief (herein CDR) (Doc. 34), Contreras Construction Corp. (herein Contreras), through counsel Bingham, Hurst & Apodaca, P.C. (Wayne E. Bingham), states as follows:

    1.    Contreras admits paragraph 1 of the CDR.

    2.    Contreras admits paragraph 2 of the CDR.

    3.    Contreras admits paragraph 3 of the CDR.

    4.    Contreras admits paragraph 4 of the CDR.

    5.    Contreras admits paragraph 5 of the CDR.

6. Contreras admits paragraph 6 of the CDR, but states Flintco's Counterclaim is without basis.

7. Answering paragraph 7 of the CDR, Contreras states that the Counterclaim filed by Flintco (Doc. 7) speaks for itself and alleges facts sufficient to invoke coverage by CIC; therefore, Contreras <u>denies</u> the paragraph.

8. Contreras admits paragraph 8 of the CDR.

9. Contreras admits paragraph 9 of the CDR.

10. Answering paragraph 10 of the CDR, Contreras admits a current controversy exists with regard to whether CIC has a duty to defend "*unless and until it receives a judicial ruling in its favor relieving it of any further obligations.*" ***Dove v. State Farm Fire & Cas. Co.***, 2017 NMCA 51, 399 P.3d 400, quoting ***Loya v. Gutierrez***, 2015 NMSC-017, 350 P.3d 1155.  Contreras <u>denies</u> the remaining allegations in the paragraph.

11. Contreras restates its answers set forth in paragraph 1 through 10 above.

12. Contreras admits paragraph 12 of the CDR; the Act speaks for itself.

13. Contreras <u>denies</u> paragraph 13 of the CDR in that Contreras states there should be no controversy, as the policy issued by CIC covers the allegations in the Counterclaim.

14. Contreras admits paragraph 14 of the CDR.  See ***Dove v. State Farm Fire & Cas. Co., supra***.

15. Contreras admits paragraph 15 of the CDR, but states that CIC's assertion that it does not have a duty to defend because of non-coverage is without basis.

16. Answering paragraph 16 of the CDR, Contreras admits that CIC is defending Contreras, but <u>denies</u> that CIC has any further interest.

2

17. Contreras admits paragraph 17 of the CDR.

18. Contreras <u>denies</u> paragraph 18 of the CDR.

19. Contreras <u>denies</u> paragraph 19 of the CDR, because Contreras should have coverage.

20. Contreras <u>denies</u> paragraph 20 of the CDR, because Contreras should have coverage.

## Affirmative and Alternate Defenses

A. CIC's Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

B. CIC's damages, if any, were caused in whole or in part by the CIC's own conduct.

C. CIC's Complaint alleges claims which are barred by the doctrines of waiver, estoppel, unclean hands, bad faith, unjust enrichment, and/or laches.

D. CIC's claims are barred under the reasonable expectations doctrine.

E. CIC's claims are barred because the policy and terms therein relied upon by CIC are ambiguous as a matter of law.

F. CIC's claims may be barred, in whole or in part, by the terms, conditions, exclusions, and limitations of the Policy, all of which are expressly reserved herein.

G. CIC's claims are barred under New Mexico law.

H. CIC failed to mitigate damages.

I. CIC failed to perform all conditions precedent for entitlement to relief.

J. Coverage should be found pursuant to the terms and conditions of the subject policy.

K. CIC's claims are barred due to the absence of any legitimate controversy.

L.    CIC's claims are barred in whole or in part by the doctrine of unjust enrichment, as CIC's retention of the premiums paid by Contreras for insurance coverage would be unjust if CIC refuses to acknowledge its obligations to Contreras under the policies.

M.    CIC's CDR constitutes bad faith insurance defense (unfair claims practices) under the applicable provisions of New Mexico's Insurance Code.

N.    Contreras reserves the right to add additional affirmative and alternate defenses.

WHEREFORE, Contreras respectfully requests that the Court declare that it is covered under the Policy, finding: (1) that there is coverage under the Policy; (2) that CIC is obligated to defend or indemnify Contreras in the above numbered action; (3) that CIC's CDR should be dismissed, and (4) for such other relief as the Court may

Respectfully submitted by:

BINGHAM, HURST & APODACA, P.C.

*[signature: Wayne E. Bingham]*

Wayne E. Bingham
2420 Comanche NE, Ste. H-6
Albuquerque, NM 87107
Telephone: (505) 881-4545
wbingham@binghamhurst.com
*Attorney for Contreras Construction Corp.*

### Certificate of Service

I hereby certify that on ~~October 26, 2021~~ *Nov. 8, 2021* I served Contreras Construction Corp.'s Answer to Complaint for Declaratory Relief via e-mail on the following:

John Frase
jfrase@evanslawfirm.com

4

David A. Gonzales
dgonzales@rsk-law.com

Holly Davies
hdavies@lorberlaw.com

_____
Wayne E. Bingham