IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES for the use of
CONTRERAS CONSTRUCTION CORP.,
a New Mexico corporation,

        Plaintiff,

vs.                                  CIVIL NO. 1:21-CV-00200-KWR-SMV

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA, a Connecticut
corporation, and FLINTCO, LLC, a
an Oklahoma limited liability company,

        Defendants.

CINCINNATI INSURANCE COMPANY,
an Ohio corporation,

        Intervention Plaintiff.

vs.
CONTRERAS CONSTRUCTION CORP.,
a New Mexico Corporation.

### PLAINTIFF/COUNTER-DEFENDANT CONTRERAS CONSTRUCTION CORP.'S OPPOSED MOTION TO STAY INTERVENOR CINCINATTI INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

Comes now Plaintiff/Counter-Defendant Contreras Construction Corp. (herein Contreras) and moves, through counsel Bingham, Hurst & Apodaca, P.C. (Wayne E. Bingham) that the Court stay action on Intervenor Cincinnati Insurance Company's (herein CIC) Complaint for Declaratory Relief until after the trial in the above matter. The bases for the stay are as follows:

In ruling on CIC's Complaint for Declaratory Relief, (herein CDR), the Court should apply New Mexico law.

Justice Vern Payne in **Anderson v. Dairyland Insurance**, 97 N.M. 155, 637 P.2d 837 (1981) observed that:

> *"Insurance policies are notoriously complex. Contracts for insurance are often entered into based upon an agent's representations and without having a policy to examine until later. Estoppel is a proper theory for preventing abuses arising from misrepresentations and mistakes but it should not be applied to prevent an insurer, having discovered an error, from correcting the error where the insured is adequately and fairly notified of the change."*

Three months after the Supreme Court decided **Anderson**, *supra*, the court in **Found. Reserve Inc. Co. v. Mullenix**, 97 N.M. 618, 642 P.2d 604 (1982) held that, *"the insurer is under a duty to defend the insured in the primary action until the court finds that the insurer is relieved of liability under the noncoverage provision of the policy"*, citing **American Employer' Ins. Co. v. Continental Cas. Co.**, 85 N.M. 346, 512 P.2d 674 (1973). The court in **American**, *supra*, went on to hold that:

> *"We believe this is the better rule because it prevents multiple suits and avoids the expense to insured of defending a collateral action brought by the insurer for a declaration of the insurer's obligation to defend under the policy."*

In **Dove v. State Farm Fire & Cas. Co.**, 2017-NMCA-51, 399 P.3d 400, the Court of Appeals held as follows, building on the precedents of **Anderson, supra**, and **Mullenix**, *supra*.

- *"The insurer has a duty to defend regardless of the ultimate liability of the insured."*

- *"… if the duty to defend does not arise from the complaint on its face, the duty may arise if the insurer is notified of factual contentions or if the insurer could have discovered facts, through reasonable investigation, implicating a duty to defend."* (Citation omitted.)

- *"… the insurer bears the 'burden of proving as a matter of law that all claims arose out of an [uncovered] act' and thus has a duty to defend 'until it [meets] that burden.'"* **Lopez v. N.M. Pub. Sch. Ins. Auth.**, 1994-NMSC-017, 117 N.M. 207, 870 P.2d 745.

- *"Where a term in an insurance policy is found to be ambiguous, the court's construction of the policy will be guided by the reasonable expectations of the insured."* **United Nuclear Corp.**, 2012-NMSC-032, 285 P.3d 644.

- *"When a district court is presented with an insurer's request for declaratory judgment that it has no duty to defend, the question is 'whether the district court has before it sufficiently developed facts to conclude as a matter of law ... that [an] exclusion applies..."* (Citation omitted.)

- *"This legitimate question regarding the coverage here gives a rise under our case law to a duty on Defendant's [Insurer's] part to defend Dove until the dispute was definitively resolved by a fact finder and it could be resolved by the district court as a matter of law whether Dove was covered by the policy."* Citing **Lopez**, supra and **Mullenix**, supra.

In the instant case, the dispute as to coverage will not be resolved by a fact-finder until the Court decides the facts of the primary case at trial. Thus, CIC's Complaint for Declaratory Relief should not be decided by the Court until after the facts of the primary case are decided by the Court at trial. As a consequence, a ruling on CIC's Complaint for Declaratory Relief should be stayed until the facts of the primary case are resolved by the Court at trial.

A stay would also be in the interest of judicial economy in that two cases, the primary case and the declaratory judgment case, would not be proceeding at the same time, with the resulting attendant complications. Staying the declaratory judgment case is in the interest of judicial economy and is in the discretion of the Court.

Finally, CIC having accepted defense of Contreras in the case, under a reservation of rights, it would be prejudicial to Contreras for the Court to decide CIC's Declaratory Relief Complaint before the Court decides the underlying facts in the case,

3

leaving Contreras without insurance defense counsel, thus causing Contreras the expense of non-insurance defense counsel and after insurance defense counsel have been representing Contreras for many months as of the filing of this Motion.

In compliance with Rule D.N.M.LR-Civ. 7.1.(a), all counsel in the primary case and the declaratory relief case have been contacted. Counsel for Flintco does not oppose this Motion. Cincinnati's insurance defense counsel for Contreras does not oppose this Motion. Cincinnati's coverage counsel opposes the Motion. On this point, counsel for Contreras (Bingham) notes that Contreras' insurance defense counsel in the primary case, who is paid by Cincinnati, does not oppose this Motion. Thus, Cincinnati both does not oppose Contreras' Motion to Stay and opposes the Motion to Stay, exposing Cincinnati's demonstrative conflict of interest, at least in Contreras' mind, and the mind of Contreras' counsel, Bingham.

Wherefore, based on the above, Contreras prays that the Court issue an order staying action on CIC's Complaint for Declaratory Relief until the Court decides the facts in the primary case at trial.

Respectfully submitted by:

BINGHAM, HURST & APODACA, P.C.

*Wayne E. Bingham*

Wayne E. Bingham
2420 Comanche NE, Ste. H-6
Albuquerque, NM  87107
Telephone: (505)  881-4545
wbingham@binghamhurst.com
*Attorney for Contreras Construction Corp.*

<u>Certificate of Service</u>

I hereby certify that on November 8th, 2021 I served Contreras Construction Corp.'s Unopposed Motion to Stay Intervenor Cincinnati Insurance Company's Complaint for Declaratory Relief via e-mail on the following:

>John Frase
>jfrase@evanslawfirm.com
>
>Holly Davies
>hdavies@lorberlaw.com
>
>David A. Gonzales
>dgonzales@rsk-law.com

_____
Wayne E. Bingham