IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA for the use of
CONTRERAS CONSTRUCTION CORP., a
New Mexico corporation,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 1:21-cv-00200-KWR-SMV

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA, a Connecticut
Corporation, and FLINTCO, LLC, a
an Oklahoma limited liability company,

        Defendants.

### CONTRERAS CONSTRUCTION CORPORATION'S REPLY
### IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT

      Plaintiff/Counter-Defendant Contreras Construction Corporation ("Contreras"), by and through its counsel of record, Bingham, Hurst & Apodaca (Wayne E. Bingham) and Riley | Keller | Alderete | Gonzales (David A. Gonzales, Drew A. Larkin, and Armand D. Huertaz) hereby files its Reply in Support of its Motion to Enforce Settlement as follows:

### INTRODUCTION

      Flintco has attempted, on numerous occasions, to limit the terms of the settlement reached with Contreras <u>after</u> the agreement was made. Flintco's Response is no different. According to Flintco, the terms of the settlement only included a "walk away" of Contreras' claims asserted, and a payment of $25,000 to Flintco in exchange for Flintco dismissing its counterclaims and any remaining warranty obligations that Contreras might have. Resp. at 4 (Doc. 55). The only purported evidence that Flintco can bring to support their position are a declaration of its now former counsel, Holly Davies, and e-mail correspondence written after a settlement agreement had been reached. *Id*.

What is completely ignored by Flintco is the fact that during settlement negotiations the condition that monetary consideration be exchanged for a "full and final settlement of <u>all</u> claims," which was clearly construed to mean that this matter would be terminated entirely. Ex. A to Contreras' Mtn. to Enforce (Doc. 52-1) (emphasis added). At no time did counsel for Flintco object to this condition of settlement and only after a full agreement to settle this matter was reached by the parties on November 11, 2021, did Flintco attempt to unilaterally change the terms of settlement by retaining a reservation of rights to sue Contreras for purported latent defects. Ex. B to Contreras' Mtn. to Enforce (Doc. 52-1). Flintco cannot or will not accept the fact that it agreed to a full and final settlement of all claims arising out of the construction project forming the basis of this matter, and Contreras requests that this Court order Flintco to comply with the terms it agreed to and dispose of this matter.

## ARGUMENT AND AUTHORITIES

The guiding authority for this Court is what is considered to be a legally enforceable contract under New Mexico law. The answer is provided in the New Mexico Court of Appeals opinion in *Piano v. Premier Distributing Co.*, 2005-NMCA-018, 137 N.M. 57, 107 P.3d 11 holding that, under New Mexico law a contract is enforceable when there is evidence of an "offer, acceptance, consideration, and mutual assent." *See also Heye v. American Golf Corp., Inc.*, 2003-NMCA-138, 134 N.M. 558, 80 P.3d 495 (recognizing the criteria for finding a legally enforceable contract under New Mexico law).

Here, Flintco fails to contest, or disprove, the fact that during settlement negotiations, it was provided with the offer of settling any and all claims arising out of the subject construction project in exchange for monetary consideration of $25,000. Ex. A and B (Doc. 52-1). In turn, Flintco offered Contreras a dismissal of any and all claims for the aforementioned monetary

consideration, in addition to dismissing and releasing any remaining warranty obligations. These offers were accepted and confirmed by Flintco's counsel. *Id*. Not once was the substantially material term of carving out Flintco's reservation of rights to pursue claims against Contreras for latent defects mentioned during settlement negotiations. The first time this term was included was when the parties began disputing the proposed settlement agreement. Ex. E to Contreras' Mtn. to Enforce (Doc. 52-1).

Further, as it stands under New Mexico law, the parties mutually assented to the terms of settlement wherein all claims arising from the subject construction project, including Contreras' remaining warranty obligations would be dismissed in exchange for $25,000. This mutual assent was confirmed in writing by Flintco's former counsel, Ms. Davies. Ex. B (Doc. 52-1). Parties can be said to mutually assent to a contract when they have the same understanding of the contract's terms; where they attach materially different meanings to the terms, there is no meeting of the minds. *DeArmond v. Halliburton Energy Services, Inc.*, 2003-NMCA-148, ¶ 20, 134 N.M. 630, 81 P.3d 573. Flintco's Response attempts to distort reality by representing that Contreras has attempted to unilaterally alter the terms of the settlement agreement and making unsubstantiated claims that it would be "wrongfully expose[d] . . . to substantial potential unrelated future claims and damages without its legal recourse under the parties' (sic) subcontract." Resp. at 7. These arguments are not only grounded in material falsehoods, but irrelevant and speculative. Accordingly, such arguments should be rejected by this Court. The evidence proffered by Contreras overwhelmingly proves that the parties agreed to a full and final settlement of all claims arising from the subject construction project, including a release of any warranty claims. (Doc. 52-1). Flintco has, repeatedly, failed to controvert that it agreed to a legally enforceable contract

under New Mexico law, and is now attempting to back out at the last minute. Such actions are contrary to New Mexico law.

## CONCLUSION

WHEREFORE, Plaintiff/Counter-Defendant Contreras Construction Corporation respectfully requests that this Court grant its Motion to Enforce Settlement in its entirety and enter an Order compelling Flintco to adhere to the settlement agreement reached between the parties which includes a release of any and all claims, causes of action, damages, and remaining warranty claims arising out of the subject construction project, and for further and additional relief as the Court deems just, proper, and equitable.

Respectfully submitted:

**RILEY | KELLER | ALDERETE | GONZALES**

By: */s/ Drew A. Larkin*
David A. Gonzales
Drew A. Larkin
Armand D. Huertaz
3880 Osuna Road NE
Albuquerque, NM  87109
(505) 883-5030
dgonzales@rileynmlaw.com
dlarkin@rileynmlaw.com
ahuertaz@rileynmlaw.com

**BINGHAM, HURST & APODACA, P.C.**

Wayne E. Bingham
9568 Sierra Vista Ct. NE
Albuquerque, NM 87111
(505) 881-4545
wbingham@binghamhurst.com
*Attorneys for Contreras Constr. Corp.*

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on February 10, 2022, a copy of the foregoing was electronically filed through the CM/ECF system, which caused participating CM/ECF counsel to be served with same by electronic means, and was emailed on the same date to the following counsel of record:

Wayne E. Bingham
**Bingham, Hurst & Apodaca, P.C.**
9568 Sierra Vista Ct. NE
Albuquerque, NM 87111
(505) 881-4545
wbingham@binghamhurst.com
*Attorney for Plaintiff Contreras Construction Corp.*

Louis W. Horowitz
Amy Wilkens Mohr
**Lorber, Greenfield & Polito, LLP**
820 Second Street NW
Albuquerque, NM 87102
(505) 307-4332
lhorowitz@lorberlaw.com
awilkens@lorberlaw.com
*Attorneys for Defendants Travelers Casualty*
*& Surety Company of America and Flintco, LLC*

*/s/ Drew A. Larkin*
**DREW A. LARKIN**